*STATE EX REL. DENT V. ISAAC HALLOWAY.

WHEN CUMULATIVE VOTING NOT AUTHORIZED.

Section 3245, R. S., does not authorize stockholders of a private corporation to cumulate their votes in the election of directors or officers of the corporation.

QUO WARRANTO.

J. H. Collins, counsel for defendant, claims:

It is a fundamental principle lying at the foundation of all organizations such as this, that the majority of shares shall control it, and that each share entitles the owner to one vote for each officer to be elected, whether director or other officer. This is the common law of corporations. Redfield on Railways, vol. 1, pages 71 to 76, chapter 4, section 3; Blackstone's Com., 468–471; Kent's Com., 293, 294.

What is known as cumulative voting, or minority representation, is not known to the common law, and was not known at the time of the adoption of the present constitution.

See opinion in case of State *ex rel.* v. Constantine, 42 O. S., 437.

To construe this section as claimed by relator, makes it in derogation of the common law, while the construction for which we contend, makes it agree with the common law, and the latter must be adopted, because otherwise it must be strictly construed, and if this construction is applied it will fall short of authorizing the voting in the manner here insisted on.

Section 3245 was originally a part of section 9 of the act of 1852 (S. & C., 276), and was originally a part of the act for the organization of railroad companies. In the original section the provision was: "Each share should entitle the owner to one vote." In the revision, the provision is: "Each share shall entitle the owner to as many votes as there are directors to be elected."

The claim is, that this section in the revision means, that the owner of each share may cast his votes one for each director, or as many votes for one director as there are directors to be elected—that is, if there are seven directors to be elected, the owner of one share may cast seven votes for one director.

If this is what the revision commissioners meant, I think they should have said so. They were lawyers and understood the meaning of words and the use of language, and could very easily have expressed their meaning if this is what they meant.

Under the original statute the question would naturally arise:

Had the owner of one share the right to cast one vote for one director, or one vote for each director to be elected? If it meant the latter, it follows that under the revised section the owner of one share will be entitled to as many votes for each director as there are directors to be elected.

---

*This case was followed by the circuit court in State v. Fosdick, 1 Circ. Dec., 265. The Supreme Court made a similar holding in State v. Stockley, 45 O. S., 304.

When we consider that at common law, the owner of one share was entitled to one vote for each director, and that surely had always been the custom in this state, and such was the meaning of the original section, and that the revision commissioners were not authorized to change the meaning of the section, in connection with the presumption that they did not intend to change it, I think it should appear entirely clear that they meant, and the legislature meant to provide for cumulative voting before the construction here claimed is adopted.

But there is another view still more fatal to the claim he·e made, and that is that the section makes provision only for the first election after the corporation is formed, and not for subsequent annual elections.

Section 3244 provides, that the subscribers to the articles of incorporation shall give notice to the stockholders of the time and place of holding the first election of directors.

Section 3245 provides, that at the time and ·place appointed by the incorporators, the stockholders shall meet and elect directors by ballot, and directs how the election shall be conducted, and includes the provision quoted herein, and provides that the incorporators shall be inspectors of the election, and shall certify who is elected, all of which necessarily applies to the first election.

The incorporators can, of course, only appoint one election, and they can be inspectors and certify who is elected only at the first election.

The sentence, "each share shall entitle the owner to as many votes as there are directors to be elected," by the express terms of the section in which it is found, applies to the first election, and in the present case the election was not the first, but was an annual election, held by judges appointed by the old board of directors.

WOODBURY, J.

This case involves the construction of section 3245 of the Revised Statutes, or that part of it which provides, that "each share shall entitle the owner to as many votes as there are directors to be elected, and a plurality of votes shall be necessary for a choice."

The relator claims that this section does authorize cumulative voting, while the respondent claims that it does not.

The original section 1 (S. & C., 276, section 26) provided that "each share shall entitle the owner to one vote, and a plurality of votes shall be necessary for a choice."

This section, up to the time of the revision, had uniformly been construed since its passage to mean, that each shareholder was entitled to as many votes as he held shares of stock, for each director to be elected; or, in other words, *each share* entitled the owner to one vote for each director to be elected, or one vote on each resolution proposed.

The revised section 3245, provides, "each share shall entitle the owner to as many votes as there are directors to be elected, and a plurality of votes shall be necessary for a choice."

The Supreme Court, in 37 O. S., 640, hold, that "it is a well settled principle that where a statute has undergone revision, it should be construed as before, unless the new act plainly requires a change in the construction."

"Application has been given to this principle in cases where the change was very marked, 35 O. S., 174, Williams v. The State. And it is also a well settled rule that, it being of the very essence of a law that it be uniform and unchangeable, whatever was the meaning of a statute when first enacted, should be its meaning through all future time."

In State *ex rel.* v. Commissioners of Shelby County, 36 O. S., 326, the Supreme Court hold: "Where an act of the legislature, or several acts *in pari materia*, have undergone revision, the same construction will prevail as before revision, unless the language of the new act plainly requires a change of construction, to conform to the manifest intent of the legislature."

And in Allen v. Russell, 39 O. S., 337, the court hold: "But where all the general statutes of a state, or all on a particular subject, are revised and consolidated, there is a strong presumption that the same construction which the statute received, or, if their interpretation had been called for, would certainly have received, before revision and consolidation, should be applied to the enactment in its revised and consolidated form, although the language may have been changed," citing numerous authorities, and adds, "of course, if it is clear from the words that a change in substance was intended, the statute must be enforced in accordance with its changed form."

No such thing as "minority representation," or "cumulative voting," was known in the policy of this state at the time of the revision, and if the legislature had intended to work such a radical change in the method of conducting corporate elections, as to provide for, and authorize "cumulative voting" it would have used language showing plainly that intention, and requiring such construction.

There is nothing in section 3245, R. S., requiring any different construction than was placed upon section 26, 1 S. & C., 276. And certainly it cannot be said that there is anything in the language used in the Revised Statutes, which makes it "clear" that the legislature intended to authorize "cumulative voting," or, to change the old section, more than to make it conform, in language, with the construction that had been uniformly placed upon it in the state.

Wherever "cumlative voting" has been authorized, it has been done in language showing plainly such intent. As in the constitution of Pennsylvania, section 4, article XVI., it is provided: "In all elections for directors or managers of a corporation, each member or stockholder may cast the whole number of his votes for one candidate, or distribute them upon two or more candidates, as he may prefer." And in the constitution of Illinois, section 7, article IV., it is provided: "In all elections for representative aforesaid, each qualified voter may cast as many votes for one candidate as there are representatives to be elected, or may distribute the same, or equal parts thereof, among the candidates, as he shall see fit, and the candidates highest in votes shall be declared elected."

This change in the language of the statute having been made in the revision of the statutes by the commission, it is not to be presumed that the commission intended to change the section more than to make its reading conform with the well settled construction that had been placed upon the old section, for they had no such authority.

"The statute providing for that revision (72 Ohio L., 87), gave the commission power only" "to revise and consolidate the general statute laws of the state, which may be in force at the time such commission shall make their report." 43 O. S., City of Warren v. Davis.

We therefore hold, that section 3245, R. S., does not authorize stockholders in a corporation to cumulate their votes in the election of directors.

L. Danford, for plaintiff.

J. H. Collins, for defendant.